IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN KAREEM WANNAMAKER, § | | |
| #33616-177, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | 3:09-CV-1273-K |
| § | | (3:05-CR-0184-K(01)) |
| UNITED STATES OF AMERICA. § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration is Petitioner John Kareem Wannamaker's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. The Court did not issue process in this case pending preliminary screening. For the reasons set out below, the Court concludes that the § 2255 motion is barred by the one-year statute of limitations and should be dismissed.

## STATEMENT OF THE CASE

Petitioner pled guilty on January 5, 2006 to conspiracy to commit wire fraud, wire fraud, securities fraud, money laundering, and engaging in an illegal monetary transaction. *United States v. Wannamaker*, 3:05cr0184-K (N.D. Tex. Oct. 26, 2006). On October 25, 2006, this Court sentenced him to 110 months imprisonment. *Id.* The Fifth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Wannamaker*, No. 06-11253 (5th Cir. Jun. 20, 2007).

On July 2, 2009, Petitioner filed the instant § 2255 motion. Relying on *United*

*States v. Santos*, 128 S. Ct. 2020 (2008), he argues he was wrongfully convicted of money laundering.

For purposes of this order, the Court deems the § 2255 motion filed as of June 1, 2009, the date on which Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed when the prisoner tenders it to prison officials for mailing); *see also United States v. Petty*, 530 F.3d 361, 363 n.1 (5th Cir. 2008) (extending *Spotville* to a § 2255 motion). It is difficult to believe that one month elapsed from June 1, 2009 (the date on which Petitioner purportedly handed his petition to prison officials for mailing) and July 2, 2009 (the date on which it was received and filed by this Court). Nevertheless as noted more fully below, the petition is time barred regardless of whether it is deemed filed on June 1, 2009.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

On July 27, 2009, the Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case was not barred by the limitations period, or why the statute of limitations should be tolled on equitable

grounds. Petitioner filed his response on August 19, 2009.

The one-year period is calculated from the latest of either (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (3) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Here Petitioner's conviction became final on September 18, 2007, the last day on which he could have filed a petition for writ of certiorari from the Fifth Circuit opinion affirming his conviction. *See Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079 (2003); Sup. Ct. R. 13(1) (providing that a petition for writ of certiorari "is timely when it is filed with the clerk of this Court within 90 days after entry of the judgment"). Under § 2255(f)(1), Petitioner then had one year, or until September 18, 2008, to file a timely § 2255 motion. Petitioner's § 2255 motion, deemed filed as of June 1, 2009, is clearly untimely.

Relying on § 2255(f)(3), Petitioner argues the one-year statute of limitations period did not commence until June 2, 2008, when the Supreme Court announced its

decision in *United States v. Santos, supra*. Under § 2255(f)(3), the limitations period is measured from "the date on which the right asserted was initially recognized by the Supreme Court." *See Dodd, supra,* at 357, 125 S.Ct. at 2482. However, § 2255(f)(3) applies only if that right has been (1) "newly recognized by the Supreme Court" and (2) "made retroactively applicable to cases on collateral review." *See Id.* at 358, 125 S.Ct. 2482. These conditions apply to all motions under § 2255, initial motions as well as second or successive motions. *Id.* at 358, 125 S.Ct. 2843.

The Supreme Court has not made the *Santos* decision retroactively applicable to cases on collateral review. *See Santos, supra*. Although the Fifth Circuit has not addressed the issue, several district courts have held that *Santos* does not apply retroactively. *United States v. Sims*, 2009 WL 1158847, *4 (S.D. Tex. Apr. 29, 2009); *United States v. McDade*, 2009 WL 1043900, *2-3 (W.D. La. 2009); *see also Engle v. Eichenlaub*, 2009 WL 2634206 (N.D. Fla. Aug. 24, 2009) (collecting cases). In any event, it is unclear whether the narrow holding in *Santos*, which involved the alleged money laundering of the proceeds of an illegal gambling operation, would have any bearing on this case. *United States v. Brown*, 553 F.3d 768, 783 (5th Cir. 2008) ("The precedential value of *Santos* is unclear outside of the narrow factual setting of that case, and the decision raises as many issues as it resolves for the lower courts."); *Sims*, 2009 WL 1158847, *3 (collecting cases). Therefore, the alternative commencement date under § 2255(f)(3) is clearly inapplicable.

Likewise, Petitioner's § 2255 motion cannot be considered timely under § 2255(f)(2) and (f)(4). Petitioner has alleged no impediment created by government action under subparagraph (2) that prevented him from filing his federal petition. Nor does he claim, under subparagraph (4), that the facts supporting his ground for relief could not have been discovered through the exercise of due diligence by the time his conviction was final.

To the extent Petitioner seeks equitable tolling of the one-year period, his request is unavailing. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Patterson*, 211 F.3d at 930-31 (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstances and/or due diligence required for equitable tolling. Petitioner provides no explanation for the twenty plus month delay between the date on which his conviction became final and the date he mailed his § 2255 motion. This delay, clearly of Petitioner's own making, does not make the circumstances of this case extraordinary enough to qualify for equitable tolling. "[E]quity is not intended for those who sleep on their rights." *Fisher* v. *Johnson*, 174 F.3d

5

710, 715 (5th Cir. 1999); *see also Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Likewise neither Petitioner's unfamiliarity with the law nor his *pro se* status justifies equitable tolling in this case. *See Petty*, 530 F.3d 365-66 (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000)).

The party seeking equitable tolling bears the burden of showing entitlement to such tolling. *See Petty*, 530 F.3d at 365; *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden to show that equitable tolling is warranted, the Court in its discretion refuses to apply equitable tolling.

## **CONCLUSION**

For the foregoing reasons it is ordered that the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2255(f).

Signed this 10th of November, 2009.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

6